UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

ANTHONY'S PIZZA HOLDING COMPANY, LLC
 d/b/a Anthony's Coal Fired Pizza of Kendall, and
LEGACY SOK ASSOCIATES, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Anthony's Pizza Holding Company, LLC doing business as Anthony's Coal Fired Pizza of Kendall and Defendant Legacy SOK Associates, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Anthony's Pizza Holding Company, LLC (also referenced as "Defendant Pizza Co," "operator," lessee" or "co-Defendant") is a Florida limited liability company.

6. Defendant Legacy SOK Associates, LLC (also referenced as "Defendant Legacy," "lessor," "owner," or "co-Defendant") is a Florida limited liability company and is the owner of real property located at 12502 SW 88th Street, Miami Florida 33186. Defendant Legacy's real property is more fully designated as Folio 30-5901-008-0010 and is a commercial property which is built-out as a community shopping center. The property is referenced throughout as "12502 SW 88th Street."

## FACTS

7. Defendant Legacy leases a portion of its community shopping center to co-Defendant Pizza Co (the lessee). The lessee in turn operates its Anthony's Coal Fired Pizza restaurant within that leased space.

8. The Anthony's Coal Fired Pizza of Kendall restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to

42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Anthony's Coal Fired Pizza of Kendall restaurant which is the subject to this action is also referred to as "Anthony's Coal Fired Pizza (restaurant)," "Anthony's restaurant," "restaurant," or "place of public accommodation."

9. Anthony's Coal Fired Pizza restaurants are a chain of casual Italian pizza restaurants. Defendant Pizza Co was founded in 2002 by the Anthony Bruno, Jr., the son of a New York restaurateur who had been operating its Runway 84 Italian restaurant in Fort Lauderdale since 1982. Anthony Bruno Jr. brought the concept of coal fired pizza ovens to South Florida and since its 2002 inception, Anthony's Coal Fired Pizza has achieved a cult-like following of pizza enthusiasts and operates 60 locations nationwide. As the owner/operator of a chain of restaurants open to the public, Defendant Pizza Co is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. On May 31, 2021 Plaintiff went to the restaurant with the intent of purchasing a meal and eating in the dining area located therein.

11. On patronizing the Anthony's restaurant, Plaintiff had difficulty perambulating in his wheelchair to the restaurant entrance due to encroaching items in the parking lot and the non-compliant ramp. Further, while Plaintiff was dining in the restaurant, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

12. Due to the inaccessible restroom facilities and non-complaint egress, Plaintiff has been denied full and equal access by the co-Defendants.

13. While Plaintiff had purchased and ate a meal at the Anthony's Coal Fired Pizza of Kendall restaurant, Plaintiff left feeling excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Anthony's Coal Fired Pizza of Kendall restaurant.

15. On information and belief, Defendant Pizza Co is well aware of the need to provide equal access to individuals with disabilities as it is an entity which operates sixty Anthony's Coal Fired Pizza brand restaurants nationwide. Defendant Pizza Co's failure to reasonably accommodate individuals with disabilities at its 12502 SW 88th Street restaurant location is/was willful, malicious and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

16. As the owner of a community shopping center of which a portion is built out as a restaurant open to the general public, Defendant Legacy is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).   On information and belief, as an investor in commercial property, Defendant Legacy is aware of the ADA and the need to provide for equal access within its community shopping center property. Therefore, Defendant Legacy's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

17. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Pizza Co) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Legacy).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff is and has been a customer of Anthony's Coal Fired Pizza restaurants and continues to desire to return to the Anthony's restaurant Kendall location to purchase food and drink/eat in the dining area provided, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Anthony's Coal Fired Pizza restaurant in Kendell in order to purchase and eat a meal in the dining area provided therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Pizza Co (lessee/operator of the Anthony's Coal Fired Pizza of Kendall restaurant) and Defendant Legacy (owner/lessor of the commercial property being operated as a Anthony's Coal Fired Pizza restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Anthony's Coal Fired Pizza of Kendall restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Anthony's Coal Fired Pizza of Kendall restaurant.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial space which is owned by Defendant Legacy (owner/lessor) houses the Anthony's Coal Fired Pizza of Kendall restaurant which is operated by Defendant Pizza Co (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  i. As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated handicapped accessible parking space was obstructed by an ashtray which encroached across the access aisle. The fact that an item was encroaching over the accessible parking space access aisle has violated Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards for Accessible Design. The ashtray encroachment has also resulted in the designated parking not providing an accessible route to the restaurant, which in violation of C.F.R. Part 36, Section 4.3.2(2) which states: "at least one accessible route shall connect accessible buildings … on the same site."

  ii. As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the ramp provided

      because the ramp handrails do not have the required top extensions. The fact that the ramp is missing the left top extension is a violation of Section 4.8.5 of the ADAAG and Section 505.10.1 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as the amount of force required to open the door required excessive weight/force to open. This is in violation of Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards for Accessible Design. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum for interior doors (such as restroom doors).

iv. As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the accessible stall area without assistance, as the door has non-compliant hardware. Failure to provide door hardware which is accessible to the disabled is in violation of the 2010 ADA Standards for Accessible Design which requires that handles pulls and latches must have hardware in a shape that is easy to grasp with one hand as per 28 C.F.R. Part 36 Section 4.13.9 and 2010 ADA Standards for Accessible Design, Section 404.2.7 (door hardware must be operable with a closed fist or a loose grip) and §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds).

  v. As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

  vi. As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), failure to fully wrap and maintain the lavatory pipes and water supply lines in the lavatory (inside the stall) such that Plaintiff was exposed to a cutting/burning hazard, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

  vii. As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink (outside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in 485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3;

|      |      |
|------|------|
|      | 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design. |
| viii. | As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory (outside the stall) without assistance, as it is mounted too high. The fact that the lavatory sink is at an inaccessible height because it is mounted over the required height to the top of the counter above the finished floor is a violation of the requirements in Section 4.19.2 of the ADAAG and Section 606.3 and Section 604.4 (as related to the faucet within that sink) of the 2010 ADA Standards for Accessible Design. |
| ix. | As to Defendant Pizza Co (lessee/operator) and Defendant Legacy (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (outside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design. |

30. More access barrier violations may be present, which will be determined and proven through the discovery process.

31. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Anthony's Coal Fired Pizza of Kendall restaurant commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant Legacy SOK Associates, LLC (owner of the commercial property housing the Anthony's Coal Fired Pizza restaurant) and Defendant Anthony's Pizza Holding Company, LLC (the lessee and operator of the restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Anthony's Coal Fired Pizza restaurant such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 21st day of June 2021.

                                        Respectfully submitted,

                                        */s/ J. Courtney Cunningham*
                                        J. Courtney Cunningham, Esq.
                                        J. COURTNEY CUNNINGHAM, PLLC
                                        FBN: 628166
                                        8950 SW 74th Court, Suite 2201
                                        Miami, Florida 33156
                                        Telephone:  305-351-2014
                                        Email: cc@cunninghampllc.com
                                        *Counsel for Plaintiff*